SUMMERS, Justice.
Defendant, represented by appointed counsel, was charged with the crime of theft of tires valued at $250. After trial by jury the defendant was convicted and sentenced to serve six months in jail.
During the course of his trial, defendant reserved one bill of exceptions which he relies upon on appeal for reversal of his conviction and sentence. He alleges that the trial court erred when it refused to allow a witness, Raphael Luneau, brother of the defendant, to testify to what he heard Silas Mayeaux say.
Following is the testimony in question:
“BY MR. D’AQUILA:
Q. Now, you were at your home when Silas Mayeaux drove up there. Is that correct?
A. Yes, sir, right.
*574 Q. Who else was present ?
A. Robert Paul and I, Doyle and Silas, so we walked outside and Silas had opened his trunk. And you know, Doyle said, look here. And so I glanced over there and there was some tires there. They looked— well,, they looked new, you know, but I rightly can’t say if they were brand-new but they did look new. And I heard Silas say that—
MR. COLE: Your Honor, I’ll have to raise the objection now.
THE COURT: Well, I told you not to testify to what anybody said. Just testify to what you saw or what you did.
A. Well, in the conversation between—
Q. Let me ask you this question. Was your brother there, Doyle ?
A. Yes, sir.
Q. He’s the defendant • in this case. Was he present ?
A. Yes, sir, he was.
Q. Was the statement made by Silas Mayeaux made in his presence, in the presence of Doyle Luneau ?
A. Yes, sir.
Q. Your brother?
A. Yes, sir.
Q. Did it pertain to tires, any kind of tires ?
A. Yes, sir.
MR. D’AQUILA: Your Honor, I think it’s admissible under those circumstances.
MR. COLE: I know of no exception to cover such a thing.
THE COURT: On what basis do you find it’s an exception ?
MR. D’AQUILLA: For the purposes of impeachment. I laid the proper foundation in that Silas May-eaux denied ever bringing tires over there. And I think all testimony, even his statements regarding the tires being brought to Luneau’s home is admissible for the purposes of impeachment.
THE COURT: The objection is sustained.”
Defense counsel argues that the above evidence is admissible for impeachment purposes to show prior inconsistent statements by witness Mayeaux. See La.R.S. 15:486; 15:493.
The above testimony is the only portion of the record before us for review. La. Code Crim.Proc. arts. 841, 843, 844 (1966). In the state in which we find this record, we cannot determine what Silas Mayeaux said, and for this reason we are unable to judge the correctness of the ruling of the trial judge.
For the reasons assigned, the conviction and sentence are affirmed.